**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>    Plaintiff,<br><br>  v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.116.253.64**<br><br>    Defendant. | **Civil No. 18-8075 (JHR/JS)** |

**O R D E R**

This matter is before the Court on the "Motion Seeking Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" ("Motion") [Doc. No. 4] filed by plaintiff, Malibu Media, LLC.[1] Plaintiff's motion alleges the John Doe defendant assigned to IP address 76.116.253.64 infringed its copyrighted works. Plaintiff's only identifying information for defendant is the IP address. Accordingly, plaintiff seeks limited discovery in advance of the Fed. R. Civ. P. 26(f) conference so that plaintiff may obtain defendant's name and address from his or her internet service

---

[1] This Order also addresses plaintiff's "First Motion for an Extension of Time Within Which to Effectuate Service of Process" [Doc. No. 5] and plaintiff's "Second Motion for an Extension of Time Within Which to Effectuate Service of Process" [Doc. No. 6]. For good cause shown, the motions for an extension of time within which to effectuate service [Doc. Nos. 5, 6] are GRANTED and plaintiff shall effectuate service by **December 6, 2018**.

provider ("ISP"), Comcast Cable Holdings, LLC ("Comcast"). The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is GRANTED.

**Background**

Plaintiff holds the copyright to a multitude of adult films and content. See Decl. of Collette Pelissier, Ex. A [Doc. No. 4-5]. Plaintiff alleges defendant used a file distribution network known as BitTorrent to copy and distribute plaintiff's copyrighted works to others. See Compl. at ¶¶ 23-26.

Plaintiff discovered defendant's infringement through reports from its third-party investigator, IPP International UG ("IPP"). See Compl. at ¶ 25. IPP, through its employee Tobias Fieser, initially identified defendant while monitoring the BitTorrent file distribution network for the presence of potentially infringing transactions. Declaration of Tobias Fieser [Doc. No. 4-7] at ¶¶ 6-8. IPP's forensic servers connected to an electronic device registered to defendant's IP address. Id. at ¶ 8. After the connection, defendant's IP address was documented distributing plaintiff's copyrighted content. Id. at ¶¶ 8-10. Thereafter, plaintiff filed suit against defendant alleging direct infringement of its copyrighted works. See Compl. at ¶¶ 29-33.

In order to identify the actual defendant, plaintiff seeks leave to file a Fed. R. Civ. P. 45 subpoena on defendant's ISP,

2

Comcast. Pl.'s Br. at 2 [Doc. No. 4-4]. The subpoena would direct Comcast to divulge the "true name and address" of defendant. Id.

**Discussion**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). Fed. R. Civ. P. 26(d)(1). Nonetheless, in certain circumstances a court "may grant [a party] leave to conduct discovery prior to" the Rule 26(f) conference. Malibu Media, LLC v. John Doe subscriber assigned IP address 47.20.202.138, C.A. No. 16-942 (KM/MAH), 2016 WL 952340, at *1 (D.N.J. Mar. 14, 2016) (citing Better Packages, Inc. v. Zheng, No. 05-4477 (SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

To determine if expedited discovery is appropriate a court should apply a "good cause" test. Malibu Media, LLC v. Doe, C.A. No. 15-8940 (MCA/MAH), 2016 WL 614414, at *2 (D.N.J. Feb. 16, 2016); Century Media, Ltd. v. John Does 1-77, C.A. No. 12-3911 (DMC/JAD), 2013 WL 868230, at *2 (D.N.J. Feb. 27, 2013). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Malibu Media, 2016 WL 614414, at *1 (internal citations omitted). Further, a court should

consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner. Better Packages, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: 1) it makes a prima facie claim for direct copyright infringement, 2) it has clearly identified the specific and limited information it seeks through discovery, 3) there are no alternative means to discover defendant's true identity, 4) the subpoenaed information is necessary to advance the infringement claim, and 5) its interest in knowing defendant's true identity outweighs defendant's privacy interest. Pl.'s Br. at 5-10.

The Court finds plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Comcast before a Rule 26(f) conference. This ruling is consistent with other holdings in similar cases. See, e.g., Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98, 98 F. Supp.3d 693, 696 (D.N.J. 2015) (finding good cause to allow the plaintiff to discover the name and address of an IP subscriber); Malibu Media, 2016 WL 614414, at *2 (same); Good Man Prods., Inc. v. Doe, C.A. No. 14-7906 (ES/MAH), 2015 WL 892941, at *3 (D.N.J. Mar. 2, 2015) (same).

However, Courts impose safeguards to protect the privacy rights of potentially innocent third parties. See Century Media, Ltd., 2013 WL 868230, at *3-4 (limiting the subpoena to the name and address of the account holder); Manny Film, 98 F. Supp.3d at 696 (limiting the subpoena to the name and address of the account holder and requiring the ISP to provide notice to the subscriber in order to provide the subscriber an opportunity to challenge the subpoena before the ISP releases the information requested). The Court adopts the reasoning of these cases, and thus, will limit plaintiff's discovery request to ensure an innocent party is not unduly burdened.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 2nd day of October, 2018 that plaintiff's "Motion Seeking Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" [Doc. No. 4] is GRANTED; and it is further

ORDERED that plaintiff's "First Motion for an Extension of Time Within Which to Effectuate Service of Process" [Doc. No. 5] and plaintiff's "Second Motion for an Extension of Time Within Which to Effectuate Service of Process" [Doc. No. 6] are GRANTED. Plaintiff shall effectuate service by **December 6, 2018**; and it is further

ORDERED that plaintiff may serve a Rule 45 subpoena on Comcast, defendant's ISP, which assigned the IP address associated

5

with defendant—76.116.253.64. In the subpoena plaintiff may only request information regarding the name and address associated with the IP address. This Order shall be attached to the subpoena; and it is further

ORDERED that upon receipt of plaintiff's subpoena the ISP shall have thirty (30) days to provide the IP subscriber with a copy of this Order and plaintiff's subpoena. Upon receipt of the subpoena and this Order the IP subscriber has thirty (30) days in which to file a motion to quash, move for a protective order, or seek other applicable relief. If the IP subscriber chooses to contest the subpoena he/she must notify the ISP of his/her intent so the ISP is on notice not to release personal information to plaintiff until the issue is resolved by the Court; and it is further

ORDERED that if the IP subscriber does not contest the subpoena within thirty (30) days of receipt of the subpoena and this Order, the ISP shall provide plaintiff with the requested information within twenty-one (21) days. Any information plaintiff receives from the ISP may only be used for the purpose of protecting its rights as set forth in the complaint.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge